IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROGER COLLINS,<br><br>        Plaintiff<br><br>        VS.<br><br>STEVE UPTON,<br>STEVE GOEN,<br>JOANN SEARCY, and<br>WENDALL JONES,<br><br>        Defendants | NO. 5:10-CV-23 (CAR)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## ORDER AND RECOMMENDATION

Plaintiff **ROGER COLLINS,** an inmate at the Georgia Diagnostic and Classification Prison in Jackson, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He has paid the initial partial filing fee as ordered by the Court and is responsible for the remainder of the filing fee as described in detail below.

### I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See **Wideman v. Shallowford Community Hosp., Inc.**, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. **Id.**

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff Collins has filed the typical shotgun pleading in which he complains of everything from physical assaults to food. The claims are broken down as follows:

A. DISCIPLINARY HEARINGS AND PUNISHMENT

Plaintiff complains that on April 27, 2009, he received a disciplinary report for refusing to take a urine test and another for drug possession. He states that he went to a disciplinary hearing on May 20, 2009 and was "sanctioned to 90 days loss of store, telephone, and recreation." He alleges that defendant Goen officiated at this disciplinary hearing. Plaintiff states that the drug possession disciplinary report "was not processed," but he learned his visitation from anyone other than his mother and stepfather had been suspended for 90 days.

Plaintiff Collins alleges that in November 2009, Officer Joann Searcy "engaged in willful perjury" when she filed a disciplinary report against him. He alleges that Searcy accused him of "insubordination and intentionally causing injury to a correctional officer." According to plaintiff, at the December 14, 2009 hearing, he prevailed on the "injury to a correctional officer" charge because he was able to show that he had not injured defendant Searcy. However, he states that he was found guilty of insubordination. Plaintiff alleges he was administratively segregated for nine days, lost store privileges, lost the chance to exercise out of his cell, and had his visitation revoked.

He alleges that defendants Goen and Jones were involved in this disciplinary hearing: Goen as hearing officer and Jones as investigator. Plaintiff states that Defendant Jones "granted approval for the charges to move forward . . . despite having full knowledge" that the charges were false. Plaintiff also maintains that defendants threatened to place him in cell block G4 where he had been assaulted previously.

"The filing of false disciplinary charges against an inmate does not alone amount to a constitutional violation." ***Owens v. Leavins***, 2006 U.S. Dist LEXIS 65176 at *6 (N. D. Fla. Sept. 13, 2006). Moreover, the temporary loss of visitation, recreation, store privileges, and phones privileges does not involve loss of a due process liberty interest. In ***Sandin v. Conner***, 515 U.S. 472, 484 (1995), the Supreme Court found that a prisoner can be deprived of his liberty so as to be entitled to due process under the Constitution in two circumstances: (1) when the condition is so severe that it essentially exceeds the sentence imposed by the court; and (2) when the state has conferred a certain benefit on prisoners by statute or administrative policy and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." ***Id.***; ***Bass v. Perrin***, 170 F.3d 1312, 1318 (11th Cir. 1999). The inmate in ***Sandin*** received a thirty (30) day sentence in administrative segregation which the court adjudged was not an atypical and significant hardship in the prison setting.

In the case at bar, plaintiff Collins states that he was in administrative segregation only nine days and temporarily lost some privileges. This does not amount to an atypical and significant hardship imposed on plaintiff in relation to the "ordinary incidents of prison life." Thus, in subjecting plaintiff to these penalties, prison officials did not deprive him of a constitutional liberty interest that had the effect of entitling him to due process procedures at a disciplinary hearing. *See* ***Berry v. Brady***, 192 F.3d 504 (5th Cir. 1999); ***Phillips v. Norris***, 320 F.3d 844 (8th Cir. 2003); ***Payne v. Dretke***, 80 Fed. Appx. 314 (5th Cir. 2003).

Finally, regarding the threats, courts have explained that mere threats by prison officials do not amount to constitutional violations. *Stacey v. Ford*, 554 F. Supp. 8 (N. D. Ga. 1982).

Consequently, **IT IS RECOMMENDED** that these claims be **DISMISSED** from this action. Moreover, **IT IS RECOMMENDED** that defendants Joann Searcy and Wendall Jones be **DISMISSED** from this action as well. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation.

B.  <u>UNSANITARY FOOD</u>

Plaintiff Collins also complains that "prisoners . . . are fed through a slot cut in the bars of a gate" and that the same slot is used for unsanitary items such as dirty clothes, blood work, mops, etc.  He avers that the officers passing out the uncovered trays of cold food are not wearing head covers or gloves and that perspiration is getting into the food during the summer months.

The Court notes that prisoners must be provided with the basic necessities of life, i.e., food, clothing, shelter, and medical care. *Hudson v. McMillan*, 503 U.S. 1 (1992); *Hudson v. Palmer*, 468 U.S. 517 (1984).  However, the Constitution does not mandate comfortable prisons nor does it mandate that prisons provide every amenity that one might find desirable. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).

To prevail on an Eighth Amendment Claim regarding the conditions of confinement, a plaintiff must demonstrate that (1) the deprivation alleged is, from an objective standpoint, "sufficiently serious"; and (2) prison officials acted with "deliberate indifference," that is, the officials knew of and disregarded an excessive rick to inmate health and safety. *Farmer*, 511 U.S. at 834. In addition, "[a] plaintiff must show that the constitutional deprivation caused his injuries." *Marsh v. Butler County, Ala*., 268 F.3d 1014, 1028 (11th Cir. 2001).

Plaintiff's allegations regarding unsanitary food are not "sufficiently serious" to implicate the Constitution. Moreover, he has not shown he has been injured in any way from this food. While the manner in which this food is handled may cause plaintiff discomfort and worry about his health, he has not alleged that he suffered any kind of physical injury. See 42 U.S.C. § 1997e(e)(explaining that "No Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility for mental or emotional injuries suffered while in custody without a showing of physical injury.") Consequently, **IT IS RECOMMENDED** that this claim be **DISMISSED** from this action. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order.

C.  FAILURE TO PROTECT AND PROVIDE MEDICAL CARE

Plaintiff complains that on April 27, 2009 he was physically assaulted by at least three other inmates. He alleges that these inmates are allowed to go unpunished and that they regularly attack other inmates. He states that at least five attacks occurred when defendant Goen was present but that defendant Goen did nothing to stop the attacks. Plaintiff maintains that Warden Upton also knows of the attacks but has not attempted to stop them.

Plaintiff states that he had to be taken to Spalding Hospital due to the injuries he suffered in the April 27, 2009 attack. He avers that the attack occurred at 4:30 P.M. and he was taken to the hospital at 6:30 P.M. Plaintiff asserts that he received four stitches and that his right eye was injured. He complains that he did not receive follow up care and that both defendants Goen and Upton did not intervene when they knew he was not receiving the proper medication for eight days following the assault. Plaintiff states that he eventually had to have surgery on his right eye.

The undersigned cannot find that these allegations against Defendants Goen and Upton are completely frivolous at this point in the litigation. Therefore, this action shall go forward against these two defendants.

Accordingly, IT IS ORDERED AND DIRECTED that service be made as provided by law upon defendants GOEN and UPTON; that a WAIVER OF REPLY, an ANSWER <u>or</u> such other response as may be appropriate under Rule 12 of the **FEDERAL RULES OF CIVIL PROCEDURE**, 28 U.S.C. §1915, and the *Prison Litigation Reform Act* be filed herein by said defendants as required and permitted by law.

It is further ORDERED AND DIRECTED that a copy of this order be served upon plaintiff's custodian, if any.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address. **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

☞ ### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determine that discovery has been completed and all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to <u>file</u> original motions, pleadings, and correspondence with the Clerk of court; to <u>serve</u> copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including letters to the Clerk or to a judge</u>) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!

## DISCOVERY

PLAINTIFF(S) SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANT(S) FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF(S).  THE DEFENDANT(S) SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his/her custodian.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL NOT BE FILED WITH THE CLERK OF COURT.  **No PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!**  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

 **REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a **SEPARATE MOTION** therefor accompanied by a brief/memorandum of law citing supporting authorities. DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

**DIRECTIONS TO CUSTODIAN OF PLAINTIFF**

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the **WARDEN** of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall *each month* cause to be remitted to the Clerk of this court **TWENTY PERCENT (20%)** of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of court *each month* until the filing fee is paid in full, *provided* the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

**PLAINTIFF'S OBLIGATION TO PAY FILING FEE**

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE
### UNITED STATES MAGISTRATE JUDGE

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all of the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞ After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented. Upon receipt of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS. Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the **ELECTION FORMS** on whose behalf the form is executed.

SO ORDERED AND RECOMMENDED, this 2nd day of March, 2010.



                                                CLAUDE W. HICKS, JR.
                                                UNITED STATES MAGISTRATE JUDGE

## ADDENDUM TO ORDER

# NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT(S).

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT.  <u>NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.</u>

DO <u>NOT</u> FILE <u>ANY</u> DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.