IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROGER COLLINS, <br><br> Plaintiff <br><br> VS. <br><br> STEVE UPTON and <br> STEVE GOEN <br><br> Defendants | NO. 5:10-CV-23 (CAR) <br><br> PROCEEDINGS UNDER 42 U.S.C. §1983 <br> BEFORE THE U. S. MAGISTRATE JUDGE |

## RECOMMENDATION

Before the court is a motion filed by defendants Steve Upton and Steve Goen seeking dismissal of the above-captioned action. Tab #18. In this motion, the defendants contend that, prior to filing the above-captioned 42 U.S.C. §1983 action, plaintiff Roger Collins failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). Following receipt of the motion, the undersigned ordered and directed the plaintiff to file a response thereto. Tab #20. The plaintiff has filed a single response ( Tab #24) to which the defendants replied (Tab #27). The motion is now ripe for review.

**FACTUAL AND PROCEDURAL BACKGROUND**

In his complaint, plaintiff Collins included numerous claims in shotgun pleading fashion. Following an initial review of the plaintiff's allegations, the only claims that were allowed to proceed included the plaintiff's assertions of failure to protect and failure to provide medical care. *See* Tab #11 and Tab #17. The bases for these remaining claims are as follows: According to the plaintiff, on April 27, 2009, he was physically assaulted by at least three other inmates; these inmates went unpunished and have continued to regularly attack other inmates. Indeed, plaintiff Collins avers that at least five of these alleged attacks occurred in the presence of defendant Goen and that defendant Goen did nothing to stop the attacks. Plaintiff further maintains that Warden Upton is aware of the attacks but has also made no attempt to stop them.

As a result of injuries he suffered in the April 27, 2009 attack, the plaintiff avers that he had to be taken to Spalding Hospital where he received four stitches. In addition, he claims that he sustained an injury to his right eye which has since required surgical intervention. With regard to his medical treatment claim, he complains that he did not receive prescribed follow-up care and that defendants Goen and Upton failed to intervene despite knowledge of the discrepancy. As a result of the above, plaintiff requests unspecified compensatory and punitive damages, declaratory relief, a preliminary injunction, class action certification, and appointed counsel.

In response to these assertions, the defendants filed the motion seeking dismissal noted above. Therein, they contend that the plaintiff failed to exhaust his available administrative remedies prior to filing the instant action as required. Consequently, and upon this assertion, they argue that this action should be dismissed. The undersigned agrees.

## **LEGAL STANDARDS**

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act of 1995 ("PLRA") mandates that before an incarcerated plaintiff can bring any action under 42 U.S.C. §1983, he must exhaust all of the administrative remedies available to him. 42 U.S.C. §1997e(a). The Eleventh Circuit has also made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

Where a request for dismissal based on the affirmative defense of failure to exhaust is raised, consideration of such a request involves the application of the two-step process described below. *Turner v. Burnside*, 2008 U.S. App. LEXIS 18510 at *8 (11th Cir. August 28, 2008). First, the court looks to the factual allegations in the defendant's motion seeking dismissal as well as those in the plaintiff's response. If they conflict, the court takes the plaintiff's version of the facts as true. *Id*. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id*. (citing, *Bryant*, 530 F.3d at 1373-74).

If the complaint is not subject to dismissal at the first step, the court proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. *Bryant*, 530 F.3d at 1373-74, 1376; *Turner*, 2008 U.S. App. LEXIS 18510, at *9. Once these findings have been made, the court, based on those findings, must determine whether or not the inmate has exhausted available administrative remedies. *Turner* at *9.

**DISCUSSION**

As noted above, the defendants seek dismissal of this action based on the affirmative defense of failure to exhaust administrative remedies. In support of this assertion, and in addition to supporting briefs, they have submitted the affidavit of Grievance Coordinator James Brown, applicable sections of the Georgia Department of Corrections Standard Operating Procedures, a record of the plaintiff's grievance and movement history, and copies of several grievances filed by plaintiff Collins. Relying upon these documents, the defendants aver that the plaintiff did not exhaust any grievances involving the incidents described in his complaint.

In response, plaintiff Collins claims that, contrary to what the defendants have represented, he *did* file a number of grievances and letters concerning his claims and that the grievances were rejected and the letters ignored. According to the plaintiff, the reason his grievances were rejected is because they were filed outside of the permitted time-frame. He then avers that the reason the grievances were filed late is because he was in too much pain to complete and file them on time. As such, plaintiff Collins contends that the defendants should have waived the timeliness requirement, thus allowing the grievances to be considered on their merits. Because the defendants did not do so, and because he wrote a number of letters to the defendants concerning his claims, he contends that the defendants' motion seeking dismissal should be denied and this case allowed to proceed.

In reply to the plaintiff's response, the defendants acknowledge that in July of 2009, approximately two months after the alleged April 27, 2009 attack, plaintiff Collins submitted two informal grievances concerning the incident. Moreover, the defendants assert that, because informal grievances must be filed no later than ten (10) calendar days from the date the inmate knew or should have known of the facts giving rise to the grievance, the grievances were properly rejected. Consequently, and in view of the fact that the PLRA requires an inmate to properly exhaust his claims prior to filing suit, the defendants reaffirm their contention that this action should be dismissed. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

As an initial matter, the undersigned notes that, with regard to the plaintiff's assertion that he was unable to complete and file grievances concerning the alleged attack and subsequent medical care within the time-frame permitted by the defendants' procedures, the record contains at least one grievance which appears to have been filed within the pertinent time limit. A copy of this grievance was submitted as an exhibit in support of the defendants' motion seeking dismissal. This grievance is dated May 6, 2009 by the plaintiff and contains a complaint about his visitation privileges being suspended due to his being charged with the offense of possession of marijuana cigarettes.

By the undersigned's calculations, and in accordance with Section IV, Part B, Subpart 5 of the Statewide Grievance Procedure, the period during which the plaintiff could have filed a grievance about the claims alleged in this action expired no earlier than May 07, 2009, ten (10) calendar days after the alleged April 27, 2009 attack. Noting that plaintiff submitted a grievance regarding another matter within the time frame governing the filing of a grievance over his complaint herein, the undersigned finds completely unavailing the plaintiff's assertion that he was in too much pain to timely file a grievance about the claims contained in this action. For this reason, and after considering the arguments of the parties and the record in this case, the undersigned **RECOMMENDS** that the defendants' motion seeking dismissal be **GRANTED** and that this case be **DISMISSED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED,** this 2nd day of JUNE, 2010.



                    CLAUDE W. HICKS, JR.
                    UNITED STATES MAGISTRATE JUDGE